IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,947-01 & WR-71,947-02






EX PARTE TODD FEEMSTER, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. F-2007-2008-EWHC1 AND F-2007-2239-EWHC1 

IN THE 367TH JUDICIAL DISTRICT COURT

FROM DENTON COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two counts
of indecency with a child in one cause, and two counts of sexual assault of a child in the other cause,
and was sentenced to twenty years' and ten years' imprisonment for the two counts of indecency with
a child, and thirty-five years' imprisonment for the sexual assault of a child counts, all running
concurrently. He did not appeal his convictions. 

 Applicant contends, inter alia, that his plea was involuntary because Applicant pleaded guilty
on the erroneous advice of counsel who was laboring under a direct conflict of interest. Applicant
also alleges that he was induced to plead guilty to these charges by threats that his father and
common-law wife would be prosecuted if he took the charges to trial. Applicant has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall provide Applicant's trial
counsel with the opportunity to respond to Applicant's claim of ineffective assistance of counsel, and
shall provide the trial prosecutor with the opportunity to respond to Applicant's claim that his plea
was induced by threats that others would be prosecuted if he went to trial on the charges. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his pleas were involuntary. The trial court shall make findings as to who retained
Applicant's trial counsel, and as to whether Applicant was afforded control over decisions such as
whether to plead guilty or proceed to trial in these cases. The trial court shall make findings as to
whether the person who retained and paid Applicant's trial counsel was subject to being called as
a State's witness, or was subject to prosecution for charges arising out of these incidents. The trial
court shall make findings as to whether counsel was laboring under a direct conflict of interest in this
case, and if so, as to whether the conflict had an adverse effect on specific incidences of counsel's
performance. The trial court shall make findings as to whether counsel limited his representation
of Applicant to the entry of guilty pleas, or whether counsel was prepared to take the cases to trial.
The trial court shall also make findings as to whether Applicant's father and common-law wife were
subject to prosecution for charges arising out of these incidents, and if so, whether Applicant was
informed that they would not be prosecuted if he pleaded guilty to these charges. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 20, 2009

Do not publish